UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MIRZA M. AKRAM,<br><br>    Defendant. | No. CR04-399P<br><br>ORDER ON DEFENDANT'S MOTION TO SEVER COUNTS AND FOR SEPARATE TRIALS |

This matter comes before the Court on Defendant Mirza Akram's motion to sever counts and for separate trials. (Dkt. No. 80). Having reviewed the papers and pleadings submitted by the parties and the balance of the record, the Court GRANTS Defendant's motion. The Court ORDERS that the counts of the superseding indictment charging arson and conspiracy to commit arson be severed from the counts charging food stamp fraud and related offenses, and further ORDERS that the two sets of charges be tried in separate trials. The reasons for the Court's decision are set forth below.

**Background**

In an indictment dated September 2, 2004, Defendant was charged with arson and conspiracy to commit arson. The indictment alleged that the arson was committed on July 9, 2004 at Continental Spices convenience store, which Defendant operated.

ORDER - 1

In a superseding indictment dated September 22, 2005, Defendant was charged with 23 additional counts of food stamp fraud and related charges.  Among other things, the superseding indictment alleged:

> In 2002 and 2003, Continental Spice's revenues declined drastically.  As a result, in part, of Continental Spice's declining sales, Akram began to commit the food-stamp fraud alleged in Counts 1-16, in an effort to bolster Continental Spice's finances and to maintain the store's solvency.[1]  When even this food-stamp fraud proved insufficient, Akram conspired . . . to burn down Continental Spices to obtain insurance proceeds.

(Dkt. No. 64 at 5-6).  Defendant now moves: (1) to sever the 23 newly-added counts related to food stamp fraud from the original counts of arson and conspiracy to commit arson; and (2) for separate trials on the two sets of counts.

## Analysis

A.   <u>Joinder of Charges Under Rule 8(a)</u>

Fed. R. Crim. P. 8(a) provides:

> **Joinder of Offenses.**  The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

The Government argues that joinder of the charges against Defendant is proper because the arson and food stamp fraud charges are "part of an ongoing scheme to commit fraud."  (Dkt. No. 81 at 5).  The Government suggests that in determining whether joinder is appropriate under Rule 8(a), a court is not limited to the face of the indictment but may also look to the evidence that will be introduced at trial. <u>Id.</u> at 6.  However, the Ninth Circuit held in <u>United States v. Terry</u>, 911 F.2d 272 (9th Cir. 1990), that "[b]ecause Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined <u>solely</u> by the allegations in the indictment." <u>Id.</u> at

---

[1] The superseding indictment actually alleges food stamp fraud and conspiracy to commit food stamp fraud in counts 1-12.  Theft of government property related to food stamp fraud is alleged in counts 13-23.

ORDER - 2

276 (emphasis added).  The Terry court also held that when "joined offenses are not connected and are not provable by the same evidence, joinder is improper." Id.

Under these standards, the Court finds that joinder of the food stamp fraud charges and the arson charges is not proper.  The superseding indictment alleges that Defendant conspired to commit arson to obtain insurance proceeds after the alleged food stamp fraud failed to bolster the store's finances.  The Court does not consider the food stamp fraud charges and the arson charges to be of the same or similar character.  The Court also regards any alleged connection between the two sets of charges as too tenuous to warrant joinder under Rule 8(a).  For instance, there is no allegation that Defendant conspired to commit arson to cover-up food stamp fraud, nor does the Government allege that he committed fraud to cover-up the arson.  The Court regards the cases cited by the Government in support of joinder under Rule 8(a) as factually distinguishable.

B.      Severance Under Rule 14(a)

Even if joinder of the food stamp fraud and arson charges were proper under Rule 8(a), the two sets of counts may be severed for trial under Fed. R. Crim. P. 14(a), which provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts."

The parties' arguments regarding severance under Rule 14(a) focus on whether evidence of food stamp fraud would be admissible to prove the arson charges.  The Government points to United States v. Fakhoury, 819 F.2d 1415 (7th Cir. 1987).   In Fakhoury, the prosecution introduced evidence of a store owner's financial distress to prove arson charges.  The Government states that the prosecution in Fakhoury "introduced evidence pertaining to Fakhoury's 'food stamp fraud'" and that the "Seventh Circuit held that this evidence was properly admitted." (Dkt. No. 81 at 11).  However, the Government's characterization of this holding is not correct.  The Fakhoury court explicitly noted that "the prosecution did not directly introduce evidence of food stamp fraud" at trial.  Fakhoury, 819 F.2d at 1420.  As a result, the Government's reliance on Fakhoury is not persuasive.

In effect, the parties are asking the Court to issue a pre-trial ruling on whether evidence of food stamp fraud would be admissible in a trial on the arson charges.  However, the Court does not find that it is necessary to reach that issue in ruling on the motion for severance.  Even assuming that evidence of food stamp fraud would be admissible to prove the arson charges, the Government does not argue that the reverse would be true – that is, they do not suggest that evidence of arson would be admissible to prove the food stamp fraud charges.  At a minimum, therefore, the Court finds that severance would be warranted to ensure that a jury trying Defendant on the food stamp fraud charges will not hear prejudicial evidence regarding the arson charges.

**Conclusion**

The Court finds that there is an insufficient connection between the food stamp fraud charges and the arson charges to warrant joinder of these offenses under Fed. R. Civ. P. 8(a).  Furthermore, the Court finds that the two sets of counts should be severed under Fed. R. Crim. P. 14(a) to avoid prejudice to Defendant.  Therefore, the Court GRANTS Defendant's motion to sever counts and for separate trials.  The counts of the superseding indictment charging arson and conspiracy to commit arson shall be severed from the counts charging food stamp fraud and related offenses, and the two sets of charges shall be tried in separate trials.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:   January 9, 2006

                                s/Marsha J. Pechman
                                Marsha J. Pechman
                                United States District Judge